IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Ryan Watkins,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　　Respondents. | No. CV 07-0375-PHX-FJM (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner David Ryan Watkins. Doc. #1. Pursuant to a plea agreement, Petitioner was convicted and sentenced on February 18, 2000, in the Maricopa County Superior Court. Doc. #13, Exh. C. Petitioner pled guilty to one count of Attempted Murder in the Second Degree, a Class 2 Felony under Arizona law. Doc. #13, Exh. B. Petitioner was sentenced to 21 years in prison, the maximum allowed under the plea agreement. Doc. #13, Exh. B, C.

On December 8, 2004, Petitioner filed a Notice of Post-Conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. #13, Exh. D. In a Minute Entry filed on February 1, 2005, the trial court found that the notice was untimely and summarily

dismissed the post-conviction proceedings. Doc. #13, Exh. E. Petitioner sought review in the Arizona Court of Appeals but the request was denied in an order filed on November 3, 2005. Doc. #13, Exh. F, G. Petitioner then filed a petition for review in the Arizona Supreme Court, which was denied on June 30, 2006. Doc. #13, Exh. H, I.

On February 20, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Doc. #1. Petitioner contends in ground one that his attorney provided ineffective assistance of counsel when she failed to object to the trial court's imposition of an aggravated sentence of 21 years without enumerating the aggravating factors. In ground two, Petitioner contends that the trial court violated his right to due process by deviating upward from the presumptive prison sentence without any specific findings to support an aggravated term. Lastly, Petitioner claims in ground three that the trial court violated his right to a jury trial by imposing an aggravated sentence based on facts that were not found by a jury beyond a reasonable doubt. On September 18, 2007, Respondents filed an Answer to Petition for Writ of Habeas Corpus Limited to Affirmative Defenses. Doc. #13. Petitioner filed a Reply on September 27, 2007. Doc. #14.

## DISCUSSION

Respondents contend that the petition should be dismissed because it was not filed within the statute of limitations period. Petitioner's reply contains no argument regarding the timeliness of the petition. Rather, Petitioner argues that his claims are properly exhausted and that they should be granted on the merits. Because the information presented establishes that the habeas petition is untimely, the court finds that it is barred by the statute of limitations period and recommends that the petition be denied on that basis.

**A.    Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, "AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding, or until the expiration of the time for seeking such proceeding or review." Id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1812 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id.

///
///
///

**B.     Application**

Petitioner was convicted and sentenced on February 18, 2000. Doc. #13, Exh. C. By pleading guilty, Petitioner waived his right to a direct appeal. See Ariz. R. Crim. P. 17.1(e). Petitioner had 90 days to file an "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Because Petitioner failed to file such a petition within the prescribed time, the judgment became final for statute of limitations purposes when the 90-day period expired, on May 19, 2000, and the limitations period began to run on that date. See 28 U.S.C. § 2244(d)(1)(A); Summers, 481 F.3d at 711. The statute of limitations expired one year later on May 19, 2001.

By the time Petitioner filed his notice of post-conviction relief on December 8, 2004, the AEDPA statute of limitations had already expired. Filing a petition for post-conviction relief does not reinitiate a limitations period that ended before the petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, Petitioner's habeas petition, filed on February 20, 2007, was nearly six years too late.

Because the AEDPA statute of limitations had already expired by the time Petitioner filed his petition for post-conviction relief, there was nothing to toll. Therefore, the tolling provision at 28 U.S.C. § 2244(d)(2) does not apply to this case.

For the foregoing reasons, the court finds that Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A). The court will therefore recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 14th day of January, 2008.

*Edward C. Voss*
Edward C. Voss
United States Magistrate Judge