1  **WO**

2

3

4

5              **NOT FOR PUBLICATION**

6          IN THE UNITED STATES DISTRICT COURT

7            FOR THE DISTRICT OF ARIZONA

8
David Ryan Watkins,                    )    No. CV-07-0375-PHX-FJM
9                                      )
              Petitioner,              )    **ORDER**
10  vs.                                )
                                       )
11  Dora B. Schriro, et al.,           )
                                       )
12            Respondents.             )
                                       )
13  _____  )

14

15          The court has before it petitioner's petition for writ of habeas corpus pursuant to 28

16  U.S.C. § 2254 (doc. 1), respondents' answer (doc. 13), petitioner's reply (doc. 14), the report

17  and recommendation of the United States Magistrate Judge (doc. 15), and petitioner's

18  objection (doc. 18). We accept the Magistrate Judge's recommendation and deny the petition

19  as untimely.

20          On February 18, 2000, pursuant to a plea agreement, petitioner was convicted of

21  attempted second degree murder and sentenced to 21 years imprisonment. Petitioner waived

22  his right to a conventional direct appeal under state law, but retained the right to seek review

23  in an "of-right proceeding" pursuant to Rule 32, Ariz. R. Crim. P.  Under Rule 32.4,

24  petitioner had ninety days after entry of judgment and sentence to file his notice of post-

25  conviction relief. He did not file his notice, however, until December 8, 2004. On February

26  1, 2005, the state trial court concluded that the notice was untimely and summarily dismissed

27  the post-conviction proceedings. The Arizona Court of Appeals and the Arizona Supreme

28

1    Court denied requests for review.  Petitioner filed his petition for writ of habeas corpus on

2    February 20, 2007.

3            Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state

4    prisoner must seek federal habeas corpus relief  within one year from "the date on which the

5    judgment became final by the conclusion of direct review or the expiration of the time for

6    seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The one-year limitations period is tolled

7    while a "properly filed application for State post-conviction or other collateral review . . . is

8    pending."  Id. § 2244(d)(2).  A Rule 32 "of-right" petition for post-conviction review is a

9    form of "direct review" within the meaning of § 2244(d)(1)(A).  Summers v. Schriro, 481

10   F.3d 710, 711 (9th Cir. 2007).  Therefore, "AEDPA's one-year statute of limitations does not

11   begin to run until the conclusion of the Rule 32 of-right proceeding and review of that

12   proceeding, or until the expiration of the time for seeking such proceeding or review."  Id.

13           Petitioner was convicted and sentenced on February 18, 2000.  He had ninety days to

14   file an "of-right" petition for post-conviction relief.  Because he failed to file a petition within

15   the prescribed time, the judgment became final for statute of limitations purposes when the

16   ninety-day period expired, on May 19, 2000.  The one-year ADEPA limitations period began

17   to run on that date.  Therefore, petitioner was required to file his federal habeas petition no

18   later than May 19, 2001.  He did not file his federal petition until February 20, 2007, almost

19   six years late.

20           Petitioner argues that equitable tolling applies to his otherwise untimely claims.  He

21   asserts that he instructed his trial lawyer to pursue state post-conviction relief immediately

22   after sentencing and he operated under the assumption that a petition had been filed.  It was

23   only "after a substantial amount of time had passed," that he inquired into the status of his

24   petition, Memorandum in Support of Writ at 5, and learned that no petition had been filed.

25   He claims to have filed a petition pro se as soon as he discovered his lawyer's error.

26           "Equitable tolling is justified in few cases . . . the threshold necessary to trigger

27   equitable tolling [under ADEPA] is very high, lest the exceptions swallow the rule."  Spitsyn

28   v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (alteration in original).  A petitioner "bears the

1   burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and

2   (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S.

3   408, 418, 125 S. Ct. 1807, 1814 (2005).  Ordinary negligence on the part of counsel is not

4   an extraordinary circumstance warranting equitable tolling.  See Lawrence v. Florida, 127

5   S. Ct. 1079, 1085 (2007) ("Attorney miscalculation [of ADEPA's limitations period] is

6   simply not sufficient to warrant equitable tolling, particularly in the postconviction context

7   where prisoners have no constitutional right to counsel.")  Moreover, if the petitioner has not

8   exercised  reasonable  diligence  in  attempting  to  file  his  petition  after  extraordinary

9   circumstances began, the link of causation between the extraordinary circumstances and the

10  failure to file is broken.  Spitsyn, 345 F.3d at 802 (citation omitted).

11          Even if we assume that petitioner's lawyer ignored instructions to pursue post-

12  conviction relief and that counsel's malfeasance constitutes an "extraordinary circumstance,"

13  petitioner has not demonstrated that he diligently pursued his rights.  He waited more than

14  four  years  to  inquire  into  the  status  of  his  presumed  post-conviction  petition.   See

15  Memorandum in Support of Writ at 5 ("After a substantial amount of time had passed,

16  Petitioner inquired as to the status of his Rule 32 Petition.").  Under these circumstances,

17  petitioner did not exercise reasonable diligence in attempting to file his petition.

18          We conclude that petitioner's petition for writ of habeas corpus was not filed within

19  the statute of limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and that he has failed

20  to demonstrate that he is entitled to equitable tolling.

21          **IT IS THEREFORE ORDERED DENYING** the petition for writ of habeas corpus

22  (doc. 1).

23          DATED this 6th day of March, 2008.

24

25

26

27   _____

28                   Frederick J. Martone
                     United States District Judge